**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Levy, | No. CIV-09-261-TUC-CKJ (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| David Duncan, Warden, | |
| Respondent. | |

On May 6, 2009, the petitioner, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. [doc. #1] The petitioner challenges the Bureau of Prisons's policy that limits the number of times an inmate may earn good time credit for participating in a Residential Drug Abuse Program.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation.

The petition should be denied. The Bureau of Prisons's policy is not contrary to law.

Background

Levy was convicted in the U.S. District Court for the District of Nevada for Conspiracy to Distribute Cocaine and MDMA (Ecstacy). (Respondent's answer, Exhibit A, ¶ 3.) On April 26, 2004, the trial court sentenced him to a 140-month term of imprisonment and 5 years of

supervised release. *Id.* Levy subsequently received an additional 51-month term of imprisonment for violating his supervised release. *Id.* The Bureau of Prisons (BOP) projects a good time release date of October 27, 2015. *Id.*

On April 22, 2008, Levy inquired whether he was eligible for a one-year sentencing credit for participating in a Residential Drug Abuse Program (RDAP). (Respondent's answer, p. 2.) He was told he was not eligible for the sentencing credit because he received the credit once before in 1996 when he was incarcerated serving another sentence. *Id.* Levy challenged this decision administratively, but he was denied at all levels. *Id.*

On May 6, 2009, Levy filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He claims the BOP's policy that limits the number of times an inmate may earn good time credit for participating in a RDAP violates 18 U.S.C. § 3621(e)(2)(b). *Id.* He further argues the policy is arbitrary and capricious citing *Arrington v. Daniels*, 516 F.3d 1106, 1115 (9th Cir. 2008).

On May 22, 2009, the court screened the petition, ordered service, and instructed the respondent to file an answer.

On June 15, 2009, the respondent filed an answer arguing the petition should be denied because it is not ripe. In the alternative, the respondent argues the petition should be denied on the merits. Levy filed a reply on July 13, 2009.

Discussion: Ripeness

The respondent argues this petition is not ripe because Levy has not yet successfully completed a drug abuse program and the alleged harm caused by BOP's policy is contingent on the occurrence of future events. (Answer, p. 3) (citing *Bova v. City of Medford*, 564 F.3d 1093, 1095 (9th Cir. 2009)). The court does not agree.

"[T]he ripeness requirement is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the

challenging parties." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-733 (1998) (punctuation omitted). "In deciding whether an agency's decision is, or is not, ripe for judicial review, [courts have] examined both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id*. "To do so in this case, [the court] must consider: (1) whether delayed review would cause hardship to the plaintiff[]; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the court[] would benefit from further factual development of the issues presented." *Id*. All three of these points of inquiry support a finding of ripeness in this case.

Analyzing these points in reverse order, the court first concludes that further factual development of the issue is unnecessary. Levy presents a purely legal issue. Waiting until Levy completes his drug abuse program will not inform the court's analysis. *See Pacific Gas & Elec. Co. v. State Energy Resources Conserv. & Dev. Comm'n*, 461 U.S. 190, 201 (1983); *Dietary Supplemental Coalition, Inc. v. Sullivan*, 978 F.2d 560, 562 (9th Cir. 1992), *cert. Denied*, 508 U.S. 906 (1993).

Second, the court finds judicial intervention at this point will not interfere with further administrative action. The BOP has already issued its final agency action in this matter. 74 Fed. Reg. 1892, 1894 (January 14, 2009); *see Dietary Supplemental Coalition, Inc.*, 978 F.2d at 562.

Finally, the court concludes that delaying review would cause hardship to the petitioner. If the court postpones its review, Levy would be forced to chose between two unpalatable alternatives: He could expend the time and effort necessary to complete a drug abuse program in the hopes that the BOP's policy proves to be illegal, or he could refuse to participate in a drug treatment program and forgo any chance of earning one-year of good time credit. Continued uncertainty about the validity of the BOP's policy creates an unnecessary dilemma for Levy in the conduct of his personal affairs. This is a present hardship sufficient to support a finding of ripeness. *See Texas v. U.S.*, 497 F.3d 491, 499 (5th Cir. 2007) ("If Texas cannot challenge the Procedures in this lawsuit, the State is forced to choose one of two undesirable options . . . .), *cert. Denied*, 129 S.Ct. 32 (2008); *Riva v Com. Of Mass.*, 61 F.3d 1003, 1009-1013 (1st Cir.

1995) (The plaintiff's challenge to an impending reduction in his disability retirement benefits was ripe even though the reduction had not yet been triggered.).

All three points of inquiry support a finding of ripeness. The court concludes this petition is ripe for judicial review. *See, e.g., Sandell v. F.A.A.*, 923 F.2d 661, 664 (9th Cir. 1990) ("At times, as here, common sense indicates that review should be afforded even though the ultimate injury to the complaining party depends on the occurrence of further events."); *Valmonte v. Bane*, 18 F.3d 992, 998-999 (2nd Cir. 1994) (The plaintiff's challenge to her inclusion on a central register of child abusers was ripe even though she had not yet been denied employment because of it.); *Triple G Landfills, Inc. v. Board of Com'rs of Fountain County, Ind.*, 977 F.2d 287, 288-91 (7th Cir. 1992) ("[The ripeness doctrine] does not require [the plaintiff] to jump through a series of hoops, the last of which [he] is certain to find obstructed by a brick wall.").

Discussion: Merits

Levy argues the BOP's policy that limits the number of times an inmate may earn good time credit for participating in an RDAP violates 18 U.S.C. § 3621(e)(2)(b). *Id.* He further argues the policy is arbitrary and capricious citing *Arrington v. Daniels*, 516 F.3d 1106, 1115 (9th Cir. 2008). The court does not agree.

"Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes." *Arrington v. Daniels*, 516 F.3d 1106, 1109 (9th Cir. 2008). "In 1990, Congress amended the statute by directing the Bureau to provide residential substance abuse treatment programs for prisoners determined to have a treatable condition of substance addiction or abuse." *Id.* "Four years later, in response to under-utilization of treatment programs, Congress again amended the statute to provide an early release incentive to encourage prisoner participation." *Id.* "The statute provides that the Bureau may reduce by up to one year the sentence of a prisoner who (1) was convicted of a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment." *Id.* (citing 18 U.S.C. § 3621(e)(2)(B)).

Not all prisoners, however, are eligible for a sentence reduction. The BOP categorically excludes certain classes of inmates from eligibility. 28 C.F.R. § 550.55(b) (2009). Among those excluded are "[i]nmates who previously received an early release under 18 U.S.C. 3621(e)." 28 C.F.R. § 550.55(b)(7) (2009).

Levy argues the BOP's policy is "contrary to the clear statutory language of 18 U.S.C. 3621(e)(2)(B)." (Petition.) He maintains he has a "right" to participate again in a residential drug treatment program. *Id.* The court does not entirely agree.

Section 3621(b) states that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Accordingly, if Levy has such a condition, he has a right to participate in an appropriate substance abuse treatment program. He does not, however, have a statutory right to good time credit.

Section 3621(e)(2)(B) states that "[t]he period a prisoner . . . remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C.A. § 3621(e)(2)(B) (emphasis added). The BOP has the authority to award good time credit for participation, but it does not have to do so in all cases.

Moreover, the statute gives the BOP discretion to narrow the class of prisoners eligible for this credit. *See Lopez v. Davis*, 531 U.S. 230, 239-41 (2001), *cert. Denied*, 531 U.S. 1111 (2001). And, it has exercised this discretion. *See* 28 C.F.R. § 550.55(b) (2009). Inmates who previously received good time credit cannot get additional credit the second time around. 28 C.F.R. § 550.55(b)(7) (2009). The BOP's policy of denying good time credit to those prisoners who benefitted from this program once before is not contrary to statute.

Levy further argues the BOP's policy is arbitrary and capricious citing *Arrington v. Daniels*, 516 F.3d 1106, 1115 (9th Cir. 2008). It is not.

The Administrative Procedures Act (APA) regulates the procedures an agency must follow when issuing administrative rules. 5 U.S.C. § 551 et seq.; *Chrysler Corp. v. Brown*, 441 U.S. 281, 302-03 (1979). "Section 706(2)(A) of the APA provides that a reviewing court shall

hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Arrington v. Daniels* 516 F.3d 1106, 1112 -1113 (9th Cir. 2008) (internal punctuation removed). "Under the arbitrary and capricious standard, [the court's] scope of review is narrow and deferential." *Id.* "A reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* (internal punctuation removed). "The court is not empowered to substitute its judgment for that of the agency." *Id.*

"Agency action is valid if a reasonable basis exists for the agency's decision." *Arrington,* 516 F.3d at 1112 -1113 (internal punctuation removed). "A reasonable basis exists where the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Id.* "In conducting [its] review, [the court] may look only to the administrative record to determine whether the agency has articulated a rational basis for its decision." *Id.*

In this case, the administrative record reveals the BOP's stated reason for the rule:

> As we stated in the preamble to the 2004 rule, Congress created the early release incentive to motivate drug-addicted inmates to enter residential drug abuse treatment who would not do so without this incentive. However, in our discretion, it is not appropriate to provide this incentive for inmates who completed RDAP, gained early release, but failed to remain drug and crime free. To provide this incentive to the same inmate twice would be counter to our drug treatment philosophy that inmates must be held accountable for their actions when released to the community. Allowing inmates the opportunity to receive early release twice would undermine the seriousness of the inmate's offense, and essentially benefit recidivists.

74 Fed. Reg. 1892, 1894 (January 14, 2009). The BOP categorically excludes from good time eligibility those prisoners who previously benefitted from RDAP credit. This policy is based on the BOP's desire to discourage recidivism. The BOP has articulated a reasonable basis for the policy. Accordingly, the BOP's policy is not arbitrary and capricious. *But see, e.g., Arrington v. Daniels*, 516 F.3d 1106, 1112 -1116 (9th Cir. 2008) (The BOP's policy of excluding from good time eligibility those prisoners who were convicted of offenses involving firearms was arbitrary and capricious because the administrative record contained no articulated reason for the rule.).

- 6 -

The BOP's policy of categorically excluding from good time eligibility those prisoners who previously benefitted from RDAP credit is not contrary to law. Levy's petition should be denied.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition on the merits. [doc. # 1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 27th day of July, 2009.

_____
Glenda E. Edmonds
United States Magistrate Judge