IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID LEVY,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN DAVID DUNCAN,<br><br>    Respondent. | No. CIV 09-261-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. On July 27, 2009, Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation [Doc. # 10] in which she recommended Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody be denied. The magistrate judge advised the parties that any written objections were to be served and filed within 10 days of being served with a copy of the Report and Recommendation.[1] No objections to the Report and Recommendation have

---

[1]The Court's docket sheet indicates that a copy of the Report and Recommendation was mailed to Petitioner on July 27, 2009. The docket sheet also indicates that the mail was returned as undeliverable. The Court' May 22, 2009, Order warned Petitioner:

**A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

May 22, 2009, Order, p. 2. The docket sheet indicates that Petitioner has not provided the Court with a notice of change of address.

been filed.

The magistrate judge concluded that the factors laid out in *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-733 (1998), supported a finding that the Petition is ripe for review. The magistrate judge also concluded that, while 18 U.S.C. § 3621(b), supports a conclusion that Petitioner has a right to participate in an appropriate substance abuse treatment program if he has a treatable condition of substance addiction or abuse, the statute does not require that Petitioner be awarded good time credit for participation in such a program. Further, the magistrate judge concluded that the Bureau of Prisons ("BOP") has the discretion to narrow the class of prisoners eligible for good time credit for participation and that the BOP had exercised its discretion. Additionally, the magistrate judge concluded that BOP's policy of categorically excluding from good time eligibility those prisoners who previously benefitted from the Residential Drug Abuse Program was not arbitrary and capricious. After an independent review, the Court finds it appropriate to adopt the findings and conclusions of the magistrate judge.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 10] is ADOPTED;
2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED.
3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 8th day of October, 2009.

_____
Cindy K. Jorgenson
United States District Judge